# EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.

---

ROBERT FARLEY and )
TERESA FARLEY, )
                   Plaintiffs )
                    )
vs. )
                    )
SETH GOODALE, )
UBER TECHNOLOGIES, INC., )
RASIER, LLC, and )
JAMES RIVER INSURANCE COMPANY, )
            Defendants )
                    )

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

---

## PARTIES

1.    The Plaintiff, Robert Farley, is an individual who resides at 95 Audubon Road, Wakefield, Middlesex County, Massachusetts.

2.    The Plaintiff, Teresa Farley, is an individual who resides at 95 Audubon Road, Wakefield, Middlesex County, Massachusetts.

3.    The Defendant, Seth Goodale, is an individual who resides in Wells, York County, Maine.

4.    The Defendant, Uber Technologies, Inc., is a corporation with a usual place of business located at 1515 3rd Street, San Francisco, San Francisco County, California.

5.    The Defendant, Rasier, LLC, is a corporation with a usual place of business located at 1515 3rd Street, San Francisco, San Francisco County, California.

6.    The Defendant, James River Insurance Company, is a domestic corporation engaged in the insurance business with a principal place of business located at 6641 West Broad Street, Suite 200, Richmond, Virginia.

## FACTS

7.    On or about December 5, 2018, the Plaintiff, Robert Farley, was a passenger in the rear seat of a motor vehicle traveling in the parking lot of 95 Audubon Road in Wakefield, Massachusetts.

8.  The motor vehicle in which the Plaintiff was a passenger was owned and operated by the Defendant, Seth Goodale.

9.  The Plaintiff, Robert Farley, was a passenger at the time as a fee-paying customer of the Defendant, Uber Technologies, Inc., with whom he had contracted earlier for the ride.

10. The Plaintiff, Robert Farley, was a passenger at the time as a fee-paying customer of the Defendant, Rasier, LLC, with whom he had contracted earlier for the ride.

11. Uber Technologies, Inc. and/or Rasier, LLC had engaged Seth Goodale to drive Robert Farley in the motor vehicle for a fee.

12. On or about December 5, 2018, Seth Goodale was driving the motor vehicle for and on behalf of Uber Technologies, Inc. and/or Rasier, LLC, for whom he was employed and was acting within the scope of his employment/agency.

13. Uber Technologies, Inc. and/or Rasier, LLC were legally responsible for Seth Goodale's actions.

14. Seth Goodale owed a duty to Robert Farley to drive the motor vehicle in a reasonable manner.

15. Uber Technologies, Inc. owed a duty to Robert Farley to ensure that the motor vehicle was driven in a reasonable manner.

16. Rasier, LLC owed a duty to Robert Farley to ensure that the motor vehicle was driven in a reasonable manner.

17. In breach of that duty, Seth Goodale, directly, and Uber Technologies, Inc. and/or Rasier, LLC, by and through the actions of Seth Goodale, drove the motor vehicle negligently causing it to collide with an object.

18. As a direct and proximate result of the Defendants' negligence, the Plaintiff, Robert Farley, sustained injuries.

19. On or about December 5, 2018, the Defendant, James River Insurance Company, provided automobile liability insurance coverage to the Defendants.

20. On or about December 5, 2018, Plaintiff, Teresa Farley, was married to the Plaintiff, Robert Farley.

## COUNT I:  NEGLIGENCE
### (ROBERT FARLEY vs. SETH GOODALE)

21. The Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in paragraphs 1 through 20 of this Complaint.

22.     The Defendant, Seth Goodale, had a duty to operate his motor vehicle in a safe and reasonable manner.

23.     On or about December 5, 2018, the Defendant, Seth Goodale, breached his duty to operate his motor vehicle in a safe and reasonable manner when he operated his motor vehicle carelessly and negligently so as to cause it to collide with an object.

24.     As a direct and proximate result of the negligence of the Defendant, Seth Goodale, the Plaintiff, Robert Farley, was caused to sustain severe personal injury, disability, medical expenses, lost wages/lost earning capacity and other financial losses as well as continuing pain and suffering.

        WHEREFORE, the Plaintiff, Robert Farley, demands judgment against the Defendant, Seth Goodale, in an amount to be determined at trial, plus interest and costs of suit as well as such other relief to which the Plaintiff may be entitled.

        The Plaintiff demands a trial by jury on all issues of fact.

## COUNT II:  NEGLIGENCE
### (ROBERT FARLEY vs. UBER TECHNOLOGIES, INC.)

25.     The Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in paragraphs 1 through 24 of this Complaint.

26.     The Defendant, Uber Technologies, Inc., under the doctrine of respondeat superior, is responsible for the actions of its employee/agent, the Defendant, Seth Goodale, while in the course of employment/agency.

27.     The Defendant, Uber Technologies, Inc., through its employee/agent, Seth Goodale, had a duty to ensure that the motor vehicle was being operated by its employee/agent, the Defendant, Seth Goodale, in a reasonable and safe manner.

28.     The Defendant, Uber Technologies, Inc., through its employee/agent, Seth Goodale, breached its duty to ensure that the motor vehicle was being operated in a reasonable and safe manner when its employee/agent, the Defendant, Seth Goodale, negligently caused the motor vehicle he was operating to collide with an object.

29.     As a direct and proximate result of the negligence of the operator of said vehicle, the Defendant, Seth Goodale, for whom the Defendant, Uber Technologies, Inc., was legally responsible, the Plaintiff, Robert Farley, was caused to sustain severe personal injury, total disability and partial disability, medical expenses, lost wages/lost earning capacity and other financial losses as well as continuing pain and suffering.

        WHEREFORE, the Plaintiff, Robert Farley, demands judgment against the Defendant, Uber Technologies, Inc., an amount to be determined by this Court, plus interest and costs of suit as well as such other relief to which the Plaintiff may be entitled.

The Plaintiff demands a trial by jury on all issues of fact.

## COUNT III:  NEGLIGENCE
### (ROBERT FARLEY vs. RASIER, LLC)

30.   The Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in paragraphs 1 through 29 of this Complaint.

31.   The Defendant, Rasier, LLC, under the doctrine of respondeat superior, is responsible for the actions of its employee/agent, the Defendant, Seth Goodale, while in the course of employment/agency.

32.   The Defendant, Rasier, LLC, through its employee, Seth Goodale, had a duty to ensure that the motor vehicle was being operated by its employee, the Defendant, Seth Goodale, in a reasonable and safe manner.

33.   The Defendant, Rasier, LLC, through its employee/agent, Seth Goodale, breached its duty to ensure that the motor vehicle was being operated in a reasonable and safe manner when its employee/agent, the Defendant, Seth Goodale, negligently caused the motor vehicle he was operating to collide with an object.

34.   As a direct and proximate result of the negligence of the operator of said vehicle, the Defendant, Seth Goodale, for whom the Defendant, Rasier, LLC, was legally responsible, the Plaintiff, Robert Farley, was caused to sustain severe personal injury, total disability and partial disability, medical expenses, lost wages/lost earning capacity and other financial losses as well as continuing pain and suffering.

WHEREFORE, the Plaintiff, Robert Farley, demands judgment against the Defendant, Rasier, LLC, an amount to be determined by this Court, plus interest and costs of suit as well as such other relief to which the Plaintiff may be entitled.

The Plaintiff demands a trial by jury on all issues of fact.

## COUNT IV:  M.G.L. c. 93A and 176D
### (ROBERT FARLEY vs. JAMES RIVER INSURANCE COMPANY)

35.   The Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in paragraphs 1 through 34 of this Complaint.

36.   On or about May 3, 2021, the Plaintiff, Robert Farley, first presented his settlement package to the Defendant, James River Insurance Company.

37.   The Defendant, James River Insurance Company, despite the reasonably clear liability of its insured and ample evidence to support the injury done to the Plaintiff as a result of the accident, has failed and refused to make any reasonable offer of settlement relative to the Plaintiff, Robert Farley.

38.   The failure and refusal of the Defendant, James River Insurance Company, to make a reasonable offer of settlement under the facts and circumstances of this case constitutes unfair claim settlement practices as defined by Massachusetts General Laws Chapter 176D, Section 3(9), and as such violates said chapter.

39.   Violations of Massachusetts General Laws Chapter 176D, Section 3(9), are deemed by law to constitute unfair and/or deceptive business practices as defined by Massachusetts General Laws Chapter 93A, Section 9, and as such violate said chapter.

40.   As a direct and proximate result of the Defendant, James River Insurance Company's, unfair claim settlement practices and unfair and/or deceptive business practices, the Plaintiff, Robert Farley, was damaged.

41.   On September 3, 2021, pursuant to Massachusetts General Laws Chapter 93A, Section 9, the Plaintiff, Robert Farley, served upon the Defendant, James River Insurance Company, a written demand for relief, a copy of which is attached hereto as Exhibit "A."

42.   The Defendant, James River Insurance Company, failed to make a reasonable response to the Plaintiff, Robert Farley's, demand for relief.

WHEREFORE, the Plaintiff, Robert Farley, demands judgment against the Defendant, James River Insurance Company, treble damages plus attorneys' fees, interest and cost of suit.

The Plaintiff demands a trial by jury on all issues of fact.

## COUNT V:  LOSS OF CONSORTIUM
### (TERESA FARLEY vs. SETH GOODALE)

43.   The Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in paragraphs 1 through 42 of this Complaint.

44.   The Plaintiff, Teresa Farley, lost the care, comfort, society and consortium of her husband, Robert Farley, as a direct and proximate result of the negligence of the Defendant, Seth Goodale.

WHEREFORE, the Plaintiff, Teresa Farley, demands entry of judgment and monetary damages against the Defendant, Seth Goodale, for the lost care, comfort, society and consortium of her husband, Robert Farley, as well as compensatory damages, prejudgment and other statutory interest, the cost of this action, and other such further relief as this Court deems just and proper.

The Plaintiff demands a trial by jury on all issues of fact.

## COUNT VI:  LOSS OF CONSORTIUM
### (TERESA FARLEY vs. UBER TECHNOLOGIES, INC.)

45.     The Plaintiff repeats, realleges, and incorporates herein by reference the allegations
        contained in paragraphs 1 through 44 of this Complaint.

46.     The Plaintiff, Teresa Farley, lost the care, comfort, society and consortium of her
        husband, Robert Farley, as a direct and proximate result of the negligence of the
        Defendant, Uber Technologies, Inc.

        WHEREFORE, the Plaintiff, Teresa Farley, demands entry of judgment and monetary
damages against the Defendant, Uber Technologies, Inc., for the lost care, comfort, society and
consortium of her husband, Robert Farley, as well as compensatory damages, prejudgment and
other statutory interest, the cost of this action, and other such further relief as this Court deems
just and proper.

        The Plaintiff demands a trial by jury on all issues of fact.

## COUNT VII:  LOSS OF CONSORTIUM
### (TERESA FARLEY vs. RASIER, LLC)

47.     The Plaintiff repeats, realleges, and incorporates herein by reference the allegations
        contained in paragraphs 1 through 46 of this Complaint.

48.     The Plaintiff, Teresa Farley, lost the care, comfort, society and consortium of her
        husband, Robert Farley, as a direct and proximate result of the negligence of the
        Defendant, Rasier, LLC.

        WHEREFORE, the Plaintiff, Teresa Farley, demands entry of judgment and monetary
damages against the Defendant, Rasier, LLC, for the lost care, comfort, society and consortium
of her husband, Robert Farley, as well as compensatory damages, prejudgment and other
statutory interest, the cost of this action, and other such further relief as this Court deems just and
proper.

        The Plaintiff demands a trial by jury on all issues of fact.

Respectfully submitted,
The Plaintiffs,
By counsel,

Andrew T. Silvia, Esquire
BBO No. 670555
Law Offices of Mark E. Salomone
175 State Street, Suite 200
Springfield, MA  01103
Telephone No. (413) 737-7783
asilvia@marksalomone.com

DATED: 11/9/21